EUGENE S. DOUGHTY

*v.*

THE BOARD OF COMMISSIONERS OF SOMERVILLE.

Complainant moved back a fence along a public street, and threw out a strip of land six feet in width, thereby rendering the street more dangerous for travel, by throwing a ditch running along the fence nearer the centre of the street. Thereupon the street commissioners began to cut away part of the strip of land, in order to alter the ditch and render the passage of the street safer.—*Held*, that complainant could not enjoin the acts of the commissioners in that matter, because—

(1) If he had dedicated the strip of land, the commissioners had authority (under the act for " the improvement of Somerville ") to improve it; and

(2) If he had not dedicated it, such injury was not irreparable, and he could obtain adequate redress at law.—*Held*, also, that since such commissioners had power to remove encroachments on highways only by resolution or ordinance, their threatened removal of complainant's fence so as to add to

such highway an additional strip of land from five to nine feet wide because of an alleged encroachment to that extent, without any official direction by resolution or ordinance, and without first ascertaining whether there was an actual encroachment, the complainant and his grantors having been in quiet possession of the premises for thirty years, might be enjoined.

Bill for injunction. On bill and answer. Motion for preliminary injunction.

*Mr. A. A. Clark,* for complainant.

*Mr. J. J. Bergen,* for defendants.

THE CHANCELLOR.

The complainant prays an injunction to restrain the defendants from tearing up a ditch and drain in a street known as Raritan road, along the front of his property in Somerville, and from in any way intermeddling with the ditch or drain, and from removing the fence in front of his premises. The complainant's property is a very valuable one, handsomely improved for private residence, and has a front of about eight hundred feet on the road. Within a year past he removed his road fence about six feet back. Before its removal the fence stood on the edge of a ditch, which was at the side of and in the road. The removal of the fence appears to have made the ditch dangerous to public travel, and the defendants set about altering and improving it, and in so doing proposed to cut away part of the six feet thrown out by the complainant, so that the side of the ditch next to his property will be from two to three feet nearer to that property than it was before. They also propose and intend to remove the complainant's fence on the road from five to nine feet back along the whole line. They claim that he and those under whom he derives his title, have unlawfully encroached to that extent upon the road. If they carry this design into effect, they will render it necessary for him to remove those of his ornamental trees which stand on the strip that they propose so to reclaim for public use. When the bill was filed the defendants

had already done part of their intended work upon the ditch. It would appear, by the statements of the bill, that the complainant gave the six feet thrown out as before mentioned to the public. The defendants are empowered by the statute from which they derive their authority (*P. L. of 1863 p. 479*) to cause to be constructed, enlarged, repaired and extended, any culverts, sewers, drains or ditches in or along any of the public streets or roads within the limits of the town. If the complainant has dedicated the six feet to the use of 'the public as part of the street (he says he is willing that it should be used as a sidewalk), the defendants have a right to alter the ditch as they propose. But if not, and the strip thrown out is the complainant's private property, the injury complained of in this connection is not irreparable, and he can obtain adequate redress at law, and, under the circumstances, he is not entitled to the intervention of this court by injunction. *Cross* v. *Morristown*, 3 *C. E. Gr. 305*.

But as to the proposed removal of the fence the case is different. The defendants are empowered by the statute before referred to, by resolution or ordinance, to prevent and cause to be removed all obstructions in the streets or roads of the town; but they do not claim to have passed any resolution or ordinance on the subject of the alleged encroachment. They admit that they intend to remove the fence so as to regain for the road from the land within it claimed by the complainant to be his private property, and which it would appear has been claimed by him and those under whom he derives his title, as their private property for at least thirty years, a strip of from five to nine feet in width along his entire front. They say in their answer that they are willing that the true location of the street should be ascertained by surveys and measurements to be made by a competent civil engineer, to be agreed upon by the parties or to be appointed by this court. It does not appear that they have taken any steps to ascertain whether the alleged encroachment in fact exists. Indeed, it seems not improbable that they are in error as regards the history and origin of the road in front of the complainant's property. The complainant, under the circum-

stances, is entitled to the aid of this court by its injunction to protect him against the threatened removal of his fence. *Cross* v. *Morristown, ubi supra;* *Varick* v. *New York, 4 Johns. Ch. 53.* There will be an injunction accordingly.